[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11113
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-01412-TWT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2010
JOHN LEY
CLERK

HIRSCH FRIEDMAN,

              Plaintiff - Appellant,

versus

ROSS ERIC HANSEN,

              Defendant - Appellee.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 30, 2010)

Before CARNES, MARCUS and WILSON, Circuit Judges.

Hirsch Friedman, proceeding *pro se*, appeals the district court's dismissal of his complaint against Ross Eric Hansen for default on a promissory note. In the complaint, Friedman said he sold Hansen a pet store in 1993 in exchange for a promissory note in the amount of $150,000 plus interest. Friedman said that

Hansen first defaulted on a scheduled payment on the loan in 1994, after which Hansen failed to make any further payments. Though the first default occurred in 1994, Friedman said he was unable to serve Hansen for over thirteen years because Hansen abandoned the business and absconded from the state without providing Friedman or other creditors with a new address. Friedman claimed to have made numerous attempts to locate Hansen during that time, but he did not file a complaint against Hansen until a few months after he discovered Hansen's whereabouts in early 2007.

Hansen filed a motion to dismiss on the grounds that Friedman's action was "barred by the statute of limitations and laches." Alternatively, he said that Friedman was not diligent in effectuating service because he waited almost two years after filing the lawsuit to serve Hansen with the complaint.

In a short order, the district court ruled that the promissory note is not a contract under seal and therefore that Friedman's action is barred because the applicable statute of limitations is six years. It rejected Friedman's argument that Hansen could not be served under Georgia's long-arm statute as frivolous and granted Hansen's motion to dismiss.

On appeal, Friedman argues that the district court improperly calculated the statute of limitations as six years. He says that the promissory note was under seal

and therefore triggered a longer limitations period. He alternatively argues that the terms of the note waived the statute of limitations, and that any ambiguity in the note should have been construed against Hansen, who was the drafter. And even if the six-year limitations period were to apply, Friedman argues, the district court should have tolled it for the time Friedman was unable to discover Hansen's whereabouts.

We have carefully reviewed and considered the record and the briefs, and we find that the district court properly applied Georgia law. Because Friedman's complaint alleges default on an ordinary promissory note and Friedman brought this action over seven years after the statute of limitations had run, O.C.G.A. § 9-3-24 bars his claims. Moreover, the district court did not err by declining to toll the six-year statute of limitations because Friedman could have served Hansen using Georgia's long-arm statute, and he failed to establish an extraordinary need to equitably toll his claims. Accordingly, we affirm the district court's decision to grant Hansen's motion to dismiss.[1]

**AFFIRMED.**

---

[1]Friedman advances several other arguments for the first time on appeal which we decline to consider in the absence of exceptional circumstances. *See Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984) (noting the few exceptional circumstances under which this Court has exercised its discretion to consider new arguments on appeal).